## City of Louisville v. Kramer's Admrx.

(Decided January 16, 1913.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, First Division).

Damages—Measure of.—As it appears that the life tenant did not occupy but rented the property during the time within which she alleged that the damages were occasioned, that part of the former opinion (151 Ky., 117) which said she was entitled to an instruction authorizing a recovery for injury to the occupancy of the property is withdrawn.

HUSTON QUIN and CLAYTON B. BLAKEY, for appellant.

JACOB SOLINGER and O'NEAL & O'NEAL, for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE NUNN.

We said in the opinion that the mother occupied the property during the first of the five years and that it was rented the balance of the time. We find that we were mistaken in this. We received the impression from the following testimony:

"Q. Who occupied it before?
"A. Mother.
"Q. Your mother occupied it herself?
"A. Yes, sir.
"Q. During the period between 1903 and 1908, did the building require any repairs?"

Further down in her testimony the witness explains that her mother occupied the property in 1902. This being true, instruction No. 4, which authorized the jury to award damages for any injury done to the use of the property between 1903 and 1908, was erroneous, and the case will have to be reversed. Upon the return of the case, however, the appellee may, if she desires, file an amendment for the recovery of any damage occasioned to the property since 1908—that is, for any damage done to either or both the rental value or the use thereof, as the case may be.

For this reason, the petition for rehearing, to the extent indicated, is granted and the case is reversed and remanded for further proceedings.